IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAREY GRUBBS, | ) |
|         Plaintiff, | ) No. 2:23-cv-01429-RJC |
| v. | ) Judge Robert J. Colville |
| NEXT PROCESS, INC. f/k/a Thar-Process, Inc. and ZAC SHEPARD, jointly and severally, | ) |
|         Defendants. | ) |

## **MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

      Before the Court is Defendant, Zac Shepard's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over any state-law claims pursuant to 28 U.S.C. § 1367. The Motion has been fully briefed and is ripe for disposition.

      **I.**      **Factual Background & Procedural History**

      In the Complaint, Plaintiff sets forth the following factual allegations relevant to the Court's consideration of the Motion at issue:

      Plaintiff began employment with Defendant Next Processes, formerly known as Thar-Process, as a Lead Tolling Operator on January 20, 2020. Compl. ¶ 7. In February of 2021, Plaintiff initiated a claim for wage payment against Defendant Next Processes seeking unpaid overtime wages. *Id.* ¶ 12. Defendant Next Processes, through its human resources department, furnished the requested overtime wages resolving Plaintiff's claim against Defendant Next

Processes. *Id.* ¶ 13. Despite, the resolution of this prior claim, Plaintiff alleges that Defendant Next Processes continued to withhold overtime compensation from Plaintiff. *Id.* ¶ 14.

In early 2022, Plaintiff made complaints about these unpaid overtime wages to Defendant Shepard, the Tolling Manager, who Plaintiff alleges is a manager and officer of Defendant Next Processes. *Id.* ¶¶ 18, 27. Plaintiff alleges that in response, Defendant Shepard prohibited Plaintiff from taking further overtime work, in retaliation for Plaintiff's complaints. *Id.* ¶ 19. Plaintiff, however, continued to voice his complaints to Defendants until his termination on August 5, 2022. *Id.* ¶ 20.

By way of procedural background, Plaintiff filed the Complaint on August 9, 2023. ECF No. 1. Defendant Shepard filed his Motion to Dismiss (ECF No. 21), along with a Brief in Support (ECF No. 22), on September 13, 2024. Plaintiff filed a Brief in Opposition on October 4, 2024. ECF No. 24. Defendant Shepard filed a Reply on October 8, 2024. ECF No. 25.

## II.     Legal Standards

### A.  Fed. R. Civ. P. 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the "court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The party asserting the existence of federal jurisdiction bears the burden of proving that jurisdiction over the subject matter actually exists. *Brown v. Tucci*, C.A. No. 12-1769, 2013 WL 2190145 (W.D. Pa. May 20, 2013) (citing *Development Finance Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)). When considering a challenge to a court's jurisdiction under Fed. R. Civ. P. 12(b)(1), a court ordinarily need not limit its inquiry to the facts as pled in the complaint. *Land v. Dollar*, 330 U.S. 731, 735 (1947). Rather, "[t]he court may inquire by

2

affidavits or otherwise, into the facts as they exist." *Id*. at 735 n.4.  Such inquiry is permissible because a federal court must assure itself that it has jurisdiction over the case, and it may even resolve factual disputes in doing so.  *See Boyle v. The Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 74 (3d Cir. 1991) (citing *Mortensen*, 549 F.2d at 891).

### B. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

"stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The Third Circuit explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts generally grant leave to amend unless amendment of the complaint would be inequitable or futile. *See, e.g., Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d

900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)).

### III. Discussion

#### A. Fed. R. Civ. P. 12(b)(6)

Defendant Shepard asserts that Plaintiff's claims for unpaid overtime wages in violation of the FLSA (Count I) and retaliation in violation of the FLSA (Count II) should be dismissed because Plaintiff has failed to allege that Defendant Shepard is an "employer" under the FLSA.

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). "The FLSA imposes individual liability on 'any person acting directly or indirectly in the interest of an employer in relation to an employee." *Thompson v. Real Estate Mortg. Network,* 748 F.3d 142, 153 (3d Cir. 2014) (quoting 29 U.S.C. § 203(d) of the FLSA). "A company's owners, officers, or supervisory personnel may also constitute 'joint employers' for purposes of liability under the FLSA." *Id.* Liability exists when the individual exercises "supervisory authority over the complaining employee and was responsible in whole or in part for the alleged violation while acting in the employer's interest." *Id*. (quoting *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir.2012)). An individual has supervisory authority "when the supervisor independently exercises control over the work situation." *Id.* Again, the "focus is on 'the totality of the circumstances rather than on the technical concepts of the employment relationship.'" *Id.* at 154 (quoting *Haybarger,* 667 F.3d at 418).

"When determining whether someone is an employer under the FLSA, 'the economic reality rather than the technical concepts is to be the test of employment.' Under this theory, the FLSA defines employer 'expansively,' and with 'striking breadth.' The Supreme Court has even

gone so far as to acknowledge that the FLSA's definition of an employer is 'the broadest definition that has ever been included in any one act.'" *Thompson*, 748 F.3d at 148 (quoting *In re Enterprise Rent–A–Car Wage & Hour Emp't Practices Litig.*, 683 F.3d 462, 467–68 (3d Cir. 2012)). The economic reality test focuses on the following non-exhaustive factors: "(1) the alleged employer's authority to hire and fire the relevant employees; (2) the alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; (3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline; and (4) the alleged employer's actual control of employee records, such as payroll, insurance, or taxes." *Id.* at 149 (quoting *In re Enterprise Rent–A–Car Wage & Hour Emp't Practices Litig.*, 683 F.3d at 469).

At this time, the Court need not determine whether Defendant Shepard is in fact an employer under the FLSA, the Court must only determine whether, taking all pled facts as true, it is plausible that Defendant Shepard is an employer. The Court finds that Plaintiff has sufficiently alleged enough facts in support of his claim that Defendant Shepard is his employer. Plaintiff has alleged that Defendant Shepard is an employer as defined under the FLSA, see Compl. ¶ 35, that Defendant Shepard is a manager and officer of Defendant Next-Processes, see Compl. ¶¶ 18, 27, and that Plaintiff registered complaints about his unpaid overtime to Defendant Shepard who then prohibited Plaintiff from undertaking further overtime work, see Compl. ¶¶ 18-19. At this stage of the litigation, these allegations are sufficient to survive a motion to dismiss and the claims may proceed to discovery. *See DeMarco v. FarmaceuticalRX, LLC*, 2023 WL 2392848, at *7 (W.D. Pa. March 7, 2023) (finding that the plaintiff's allegations setting for the individual defendants' ownership status and title as well as a conclusory allegation that said individual defendants

6

supervised/were responsible for FLSA violations was sufficient to support a reasonable inference that the individual defendants could be joint employers).

Therefore, Defendant Shepard's Motion to Dismiss Counts I and II pursuant to Rule 12(b)(6) is denied.

### B.  Fed. R. Civ. P. 12(b)(1)

Next, Defendant Shepard argues that the Court should decline to exercise control over Plaintiff's state law claims contained in Counts III, IV, and V, should the Court dismiss the federal claims contained in Counts I and II.  Because the Court has denied Defendant Shepard's Motion to Dismiss Counts I and II, the Court will likewise deny Defendant's Motion to Dismiss Counts III, IV, and V brought pursuant to Rule 12(b)(1).

### IV.  Conclusion

For the reasons discussed above, the Court will deny Defendant Shepard's Motion to Dismiss.  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: January 23, 2026

cc: All counsel of record